Case 2:18-cv-00136   Document 48   Filed on 11/29/19 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
November 29, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID TYRONE THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-136 |
| | § | |
| CITY OF KINGSVILLE, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT DEFENDANTS' MOTIONS
TO DISMISS AND TO DENY THE MOTION TO ABATE**

Plaintiff David Tyrone Thomas, proceeding *pro se* and *in forma pauperis*, is an inmate currently incarcerated at the Gib Lewis Unit of the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ") in Woodville, Texas. Pending before the Court are the following: (1) an Amended Motion to Dismiss for Failure to State a Claim, filed by Defendant Robert Wright (D.E. 42); and (2) a Motion to Dismiss or Abate, filed by Defendants Emmanuel Gonzalez and Carlos Del Moral (D.E. 44). For the reasons stated herein, it is respectfully recommended that these defendants' motions to dismiss be GRANTED and that Defendants Gonzalez's and Del Moral's motion to abate be DENIED.

**I.    JURISDICTION.**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## II. PROCEDURAL BACKGROUND.

The facts giving rise to Plaintiff's claims in this civil rights action occurred in connection with Plaintiff's arrests and detention by City of Kingsville police officers and Kleberg County deputies. Plaintiff filed his original complaint on May 11, 2018, naming the following defendants: (1) the City of Kingsville, Texas; (2) Kingsville Police Department; (3) Kleberg County Sheriff's Department; (4) Kleberg County District Attorney; (5) Kingsville Police Chief Ricardo Torres; (6) Kingsville Police Officer Gilbert Rodriguez; (7) unknown City of Kingsville police officers; (8) Kleberg County Sheriff Kirk Patrick; (9) unknown Kleberg County deputies; and (10) Kleberg County District Attorney John Hubert. (D.E. 1, pp. 1, 3). Plaintiff seeks monetary relief. (D.E. 1-1, p. 10).

On July 19, 2018, a *Spears*[1] hearing was conducted where Plaintiff was given an opportunity to explain his claims. On August 15, 2018, the undersigned issued a Memorandum and Recommendation (M&R). The factual allegations set forth in the M&R are incorporated by reference herein.

In the M&R, the undersigned recommended that the Court retain the following claims: (1) Plaintiff's false arrest/false imprisonment claims arising from the June 9, 2016 drug charges be retained against Kingsville Police Arresting Officer John Doe 1 in his individual capacity; (2) Plaintiff's false arrest/imprisonment claims arising from the August 24, 2016 resisting arrest against Kingsville Police Arresting Officer John Doe 2 in

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

his individual capacity; (3) Plaintiff's excessive force claims arising from events occurring on or about August 24, 2016 against Kleberg County Officers Sergeant John Doe 3 and Deputy John Doe 4 in their individual capacities; and (4) Plaintiff's excessive force claims arising from events occurring on or about August 24, 2016 against Kingsville Police Officers John Does 5 and 6 in their individual capacities. (D.E. 10).

The undersigned further recommended that: (1) Kleberg County be substituted in place of the Kleberg County Sheriff's Office as a party defendant; (2) Plaintiff's claims for money damages against all Defendants in their official capacities be dismissed as barred by the Eleventh Amendment; and (3) Plaintiff's claims against the remaining Defendants, including Kleberg County, be dismissed as frivolous and/or for failure to state a claim. (D.E. 10). In a separate order entered on August 15, 2018, the undersigned ordered service of Plaintiff's complaint on the six John Doe defendants. (D.E. 11). Senior District Judge Hilda G. Tagle subsequently adopted the M&R in its entirety. (D.E. 38).

On September 17, 2018, on behalf of Kleberg County, Captain Jose David Longoria filed an affidavit stating his belief that Sergeant Robert Wright is "Kleberg County Sergeant John Doe 3." (D.E. 17, p. 2). On October 1, 2018, the City of Kingsville filed a response to the Court's Order for Service of Process in which it states the following: (1) Kingsville Police Arresting Officer John Doe 1 is identified as Officer Kevin Martinez; (2) Kingsville Police Arresting Officer John Doe 2 is identified as Michael Chavana; and (3) there are no records which could identify the specific officers involved in Plaintiff's excessive force claims against Kingsville Police Officers John Does 5 and 6. (D.E. 20, pp. 1-2).

On November 29, 2018, the undersigned entered an order, directing the Clerk of Court to: (1) substitute Sergeant Robert Wright in place of Kleberg County Sergeant John Doe 3 as a party defendant; (2) substitute Officer Kevin Martinez in place of Kingsville Police Arresting Officer John Doe 1 as a party defendant; and (3) substitute Officer Michael Chavana in place of Kingsville Police Arresting Officer John Doe 2 as a party defendant.[2] (D.E. 31, p. 6). The undersigned directed Plaintiff to provide within thirty days any information to help identify: (1) Kleberg County Deputy John Doe 4; and (2) Kingsville Police Officers John Does 5 and 6. (D.E. 31, p. 6). The undersigned further granted Kleberg County's motion to quash Plaintiff's discovery requests and stayed discovery until the Court could identify all of the proper defendants and all answers have been filed in this case. (D.E. 31, p. 7). Lastly, the undersigned rejected Kleberg County's argument that Plaintiff's complaint be dismissed under the three-strikes bar set forth in 28 U.S.C. §1915(g). (D.E. 31, pp. 4-5).

In a separate order issued on November 29, 2018, the undersigned ordered service of Plaintiff's complaint on Defendant Wright. (D.E. 30). The undersigned subsequently entered an Order on December 3, 2018, clarifying on the docket report that the six John Doe defendants had been substituted into this case. (D.E. 32).

Defendant Wright filed objections to the undersigned's orders issued on November 29, 2018 and December 3, 2018. (D.E. 33). Kleberg County filed objections with respect to the undersigned's conclusion that the three-strikes bar was inapplicable. (D.E. 34). These objections are pending before Judge Tagle.

---

[2] Defendants Martinez and Chavana had previously filed their answers. (D.E. 21, 22).

On December 26, 2018, Plaintiff filed his Motion to Supplement Officers' Names. (D.E. 35). In his motion, Plaintiff attached a Supplemental Report from the Kleberg County Sheriff's Office which identifies "Kingsville Police Officers John Does 5 and 6" as Kleberg County Deputies Emmanuel Gonzalez and Carlos Del Moral. (D.E. 35, p. 1; D.E. 35-2). He also believed that "Kleberg County Deputy John Doe 4" is Kingsville Police Officer Figueroa. (D.E. 35, p. 1). Kleberg County specially appeared to respond that Plaintiff's claims were barred by the statute of limitations and otherwise failed to state a claim against Deputies Emmanuel Gonzalez and Del Moral. (D.E. 36).

By order entered on June 18, 2019, the undersigned granted Plaintiff's motion to supplement to the extent that the Clerk to substitute: (1) Kleberg County Deputy Emmanuel Gonzalez in place of Kingsville Police Officer John Doe 5; and (2) Kleberg County Deputy Carlos Del Moral in place of Kingsville Police Officer John Doe 6. (D.E. 40, p. 5). The undersigned denied Plaintiff's motion in all other respects. (D.E. 40, p. 6). In a separate order issued on June 18, 2019, the undersigned ordered service of Plaintiff's complaint on Defendants Gonzalez and Del Moral. (D.E. 41).

On June 19, 2019, Defendant Wright filed an Amended Motion to Dismiss for Failure to State a Claim. (D.E. 42). Defendants Gonzalez and Del Moral subsequently filed a Motion to Dismiss or Abate. (D.E. 44). Plaintiff has not responded to either motion. These motions, therefore, are deemed unopposed.[3]

---

[3] According to the Local Rules for the Southern District of Texas, "[f]ailure to respond will be taken as a representation of no opposition." LR 7.4.

### III. LEGAL STANDARD.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. When considering a motion to dismiss, district courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### V. DISCUSSION.

#### A. Statute of Limitations

In their motions to dismiss, Defendants Wright, Gonzalez, and Del Moral contend that the expiration of the applicable two-year statute of limitations bars Plaintiff's claims.

(D.E. 42, pp. 1-2; D.E. 44, pp. 1-2). They further contend that the "relation back" doctrine under Federal Rule of Civil Procedure 15(c) is inapplicable because the identification of individuals does not relate back to an earlier "John Doe" designation. (D.E. 42, pp. 2-3; D.E. 44, pp. 2-3).

Federal civil rights actions instituted in Texas, such as those brought pursuant to § 1983, are deemed analogous to personal injury claims, and, therefore, the applicable limitations period is the two years fixed by Tex. Civ. Prac. & Rem. Code § 16.003(a). *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Accrual of a § 1983 claim is governed by federal law. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998). In other word, "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (quoting *Piotrowsky*, 237 F.3d at 576).

Excessive force claims generally accrue on the date when the force is inflicted. *See Price v. City of San Antonio*, 431 F.3d 890, 893-94 (5th Cir. 2005); *Armstrong v. Serpas*, 670 F. App'x 851, 852 (5th Cir. 2016). Plaintiff's allegations in this case reflect that Defendants Wright, Gonzalez, and Del Moral used excessive force against him on August 24, 2016. Plaintiff, therefore, had knowledge of all pertinent facts of his excessive force claims at the time of the uses of force and suffered injury as a result.

Plaintiff filed this civil rights action on May 11, 2018, within two years of the day Plaintiff alleged the excessive uses of force occurred. However, Plaintiff was not able to identify Defendants Wright, Gonzalez, and Del Moral at the time he filed his complaint and instead referred to them as unknown defendants. The Court designated each of these unknown defendants as John Doe defendants. (D.E. 10). Plaintiff failed to identify Defendants Wright, Gonzalez, and Del Moral until after the two-year limitations had expired. The issue, therefore, becomes whether amendments or supplemental information identifying these defendants relates back to the filing date of the original complaint in order to avoid a limitations bar.

The Federal Rules of Civil Procedure permit an amendment to a complaint to relate back to the date the original complaint was filed. *See* Fed. R. Civ. P. 15(c). This rule "is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification." *See Miller v. Mancuso*, 388 F. App'x 389, 391 (5th Cir. 2010) (unpublished) (emphasis added) (quoting *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (citation omitted)).

However, the failure to identify individual defendants cannot be characterized as a mistake. *Miller*, 388 F. App'x. at 391. In the case of a "John Doe" defendant, the Eleventh Circuit Court of Appeals held, "there [is] no 'mistake' in identifying the correct defendant; rather, the problem [is] not being able to identify that defendant." *Jacobsen*, 133 F.3d at 321. In other words, where the failure to name the correct defendants was the

result of lack of knowledge of their identity rather than a mistake in their names, relation back under Rule 15(c) does not apply. *Id.*.

In this case, information was provided to the Court on September 17, 2018, identifying Defendant Wright as one of the John Doe Defendants. (D.E. 17). On October 29, 2018, the undersigned substituted Defendant Wright in place of John Doe 3. (D.E. 31). Likewise, on December 26, 2018, Plaintiff provided the Court with information identifying John Does 5 and 6 as Defendants Gonzalez and Del Moral. (D.E. 35). On June 18, 2019, the undersigned substituted these defendants on behalf of their John Doe counterparts. (D.E. 40).

The two-year limitations period with respect to Plaintiff's claims against Defendants Wright, Gonzalez, and Del Moral expired on August 24, 2018. Because Plaintiff's failure to identify Defendants Wright, Gonzalez, and Del Moral at the time his complaint was filed resulted from a lack of knowledge as to their identities and not as a mistake, Rule 15(c)'s "relation back" doctrine does not apply. *Jacobsen*, 133 F.3d at 321. *See Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 926 F. Supp. 2d 935, 947 (S.D. Tex. 2013) ("A failure to name the correct defendant due to a lack of knowledge of the proper party is not a mistake and will not allow a plaintiff to avail itself of the relation back doctrine.") (citation omitted). Plaintiff's excessive force claims against Defendants Wright, Gonzalez, and Del Moral, therefore, are barred as they were not identified until after the two-year limitations period had expired. Plaintiff was aware, long before he filed his complaint, that he would need the assistance of the court in identifying the proper defendants and could have, but did not, file his complaint earlier. Accordingly, the

undersigned respectfully recommends that their motions to dismiss (D.E. 42, 44) be granted.

### B. Three-Strikes Rule

Defendants Gonzalez and Del Moral alternatively move to abate and dismiss Plaintiff's action on the grounds that Plaintiff has accumulated three strikes under 28 U.S.C. §1915(g) and should not be allowed to proceed *in forma pauperis*. (D.E. 44, pp. 3-7). Defendant Kleberg County previously raised this argument as part of their motion to quash Plaintiff's discovery request. (D.E. 28).

On November 29, 2018, the undersigned rejected Kleberg County's argument that Plaintiff's complaint be dismissed under the three-strikes bar. (D.E. 31, pp. 4-5). The undersigned's conclusions on this issue are incorporated by reference herein. Defendants Gonzalez and Del Moral have raised nothing to cause the undersigned to revisit this issue. Accordingly, the undersigned recommends that Defendants Gonzalez's and Del Moral's motion to abate (D.E. 44) be denied.

## VI. RECOMMENDATION.

For the foregoing reasons, it is respectfully recommended that: (1) the motions to dismiss filed by Defendants Wright, Gonzalez, and Del Moral (D.E. 42, 44) be GRANTED; (2) Plaintiff's claims against Defendants Wright, Gonzalez, and Del Moral be DISMISSED with prejudice as barred by the expiration of the two-year limitations

period; and (3) the motion to abate filed by Defendants Gonzalez and Del Moral (D.E. 44) be DENIED.

Respectfully submitted this 29th day of November, 2019 .

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).