IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID TYRONE THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:18-CV-136 |
| | § | |
| CITY OF KINGSVILLE, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

The Court is in receipt of the Magistrate Judge's Memorandum and Recommendation to Grant Defendants' Motions to Dismiss and to Deny the Motion to Abate ("M&R"), Dkt. No. 48. The Court is also in Receipt of Defendants' Emmanuel Gonzalez ("Gonzalez") and Carlos Del Moral's ("Del Moral") Objections to the M&R, Dkt. No. 49. The Court is in receipt of Plaintiff David Tyrone Thomas's ("Thomas") Objections to the M&R, Dkt. No. 50. The Court is also in receipt of Gonzalez and Del Moral's Response to Plaintiff's Objections, Dkt. No. 52. For the reasons below, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the M&R, Dkt. No. 48.

**I.    M&R**

The Magistrate Judge recommends granting Defendants motion to dismiss because Defendants Robert Wright ("Wright"), Gonzalez and Del Moral were identified in the case after the two-year statute of limitations period had expired. Dkt. No. 48. The Magistrate Judge also recommends that Defendants' motion to abate and dismiss be denied because Thomas has not accumulated three strikes under 28 U.S.C. §1915(g). *Id.*

Gonzalez and Del Moral object to the M&R on the grounds that Thomas's previous dismissal of a § 1983 case for failure to prosecute should count as his third strike, barring this case from proceeding in forma pauperis. Dkt. Nos. 33, 49.

Thomas objects to the M&R's recommendation to dismiss claims against Wright, Gonzalez and Del Moral on the grounds that he filed his case months before the statute of limitations ran, and he was prevented from discovering and adding Defendants to his case by his incarceration and delay in Court action. Dkt. No. 50.

The Court reviews objected-to portions of a Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1). But if the objections are frivolous, conclusive or general in nature the court need not conduct a de novo review. *Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987).

**a.    Three strikes**

28 U.S.C.A. § 1915(g) reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C.A. § 1915(g).

Courts have taken a plain-language approach to the construction of 28 U.S.C. §1915(g). *Butler v. Dep't of Justice*, 492 F.3d 440, 443 (D.C. Cir. 2007), holding modified by *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415 (D.C. Cir. 2009). The Fifth Circuit has followed this plain-language reading of the statute and held that dismissal for failure to prosecute does not count as a strike under 28 U.S.C.A. § 1915(g). *Torns v. Mississippi Dep't of Corr.*, 317 F. App'x 403, 404 (5th Cir. 2009). Accordingly, since Thomas's previous case was dismissed for failure to prosecute it did not count as a strike for frivolousness or failure to state a claim and Thomas's current in forma pauperis action is not barred by the three-strikes rule. *See* Dkt. Nos. 31, 48.

### b. Statute of Limitations

Thomas filed his complaint on May 11, 2018, 105 days before the end of the statute of limitations period on August 24, 2018. Dkt. No. 48 at 6-10. The M&R states: "Plaintiff was aware, long before he filed his complaint, that he would need the assistance of the court in identifying the proper defendants and could have, but did not, file his complaint earlier." *Id.* at 10. For that reason, the Magistrate Judge recommends the motion to dismiss be granted on statute of limitations grounds. *Id.*

The Court **DECLINES TO ADOPT** this recommendation.

When applying a state's statute of limitations, the federal court should also apply relevant state tolling provisions. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). Incarceration is not a legal disability for tolling in Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.001; *White v. Cole*, 880 S.W.2d 292, 295 (Tex. App. 1994). Fraudulent concealment and discovery tolling do not apply here. *Rotella v. Pederson*, 144 F.3d 892, 896 (5th Cir. 1998) Equitable tolling is sparingly used by Texas and federal courts and typically depends on whether a plaintiff diligently pursued their rights and the presence of exceptional circumstances. *Rodriguez v. Holmes*, 963 F.2d 799, 805 (5th Cir. 1992). Equitable tolling may not be used to avoid a plaintiff's own negligence. *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012). "Federal courts have typically extended equitable [tolling] relief only sparingly[:] where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked ... into allowing the filing deadline to pass." *Crostley v. Lamar Cty., Texas*, 717 F.3d 410, 421–22 (5th Cir. 2013) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 90 (1990)). "Traditional equitable principles preclude a court from invoking equitable tolling, however, when the party seeking relief has an adequate legal or statutory remedy to avoid the consequences of the statute of limitations." *Lambert v. United States*, 44 F.3d 296, 300 (5th Cir. 1995)

The Fifth Circuit has found equitable tolling warranted when a Plaintiff files a complaint well within the statute of limitations period and moves for discovery of the identity of unknown defendants. *Green v. Doe*, 260 F. App'x 717, 719 (5th Cir.

2007). When a complaint is filed just days before the end of the statute of limitations period the Fifth Circuit has found equitable tolling not warranted for the addition of additional defendants. *Balle v. Nueces Cty., Texas*, No. 16-40789, 2017 WL 11509904, at *4 (5th Cir. June 15, 2017).

After Thomas filed this case, the Magistrate Judge stayed discovery until the Defendants filed an answer. Dkt. No. 7. Defendants filed an answer on October 2, 2018, meaning that until that date Thomas was prohibited by the Court from discovering the name of his unknown defendants. *See* Dkt. Nos. 7, 21, 22. Thomas moved for discovery before the answer was filed and his motion was struck. Dkt. Nos. 19, 23. Once the answer was filed Thomas began discovery promptly and identified Defendants within two months. Dkt. No. 26, 31, 35.

Here, the circumstances are very similar to *Green*. *Green*, 260 F. App'x at 719. Unless the Court equitably tolls the statute of limitations, injustice will result as Thomas will be prohibited from bringing claims against parties that he would have been able to identify within the statute of limitations period but for an order of the Court which prohibited him from doing so. *See id.*; Dkt. No. 7; *See Crostley*, 717 F.3d at 421. Staying discovery meant Thomas did not have a legal remedy available to him to avoid the consequences of the statute of limitations. *See Lambert*, 44 F.3d at 299.

Thomas filed his complaint over 100 days before the end of his statute of limitations period. *See* Dkt. No. 48. When discovery was available to Thomas, he identified the unknown parties within 85 days (58 days for one defendant and 85 days for two other defendants). *See* Dkt. Nos. 26, 31, 35. Accordingly, because Thomas filed a timely complaint, diligently prosecuted his case and was unable to act to identify defendants until October 2, 2018, the Court concludes it is in the interests of justice to toll the statute of limitations for the 144-day period he was unable to conduct discovery, the time between May 11, 2018 until October 2, 2018. *See Crostley*, 717 F.3d at 421; *Lambert*, 44 F.3d at 299. The Court concludes Thomas's complaint is timely as to Wright, Del Moral, and Gonzalez when the tolled period is included in the statute of limitations calculation.

## II.  Conclusion

After independently reviewing the record, the filings and the applicable law the Court hereby **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the M&R, Dkt. No. 48. The Court **OVERRULES** Del Moral and Gonzalez's objections, Dkt. No. 33, 49. The Court hereby **DENIES** Defendants' motions to dismiss on statute of limitations grounds or for three strikes, Dkt. Nos 42, 44.

SIGNED this 1st day of April, 2020.

Hilda Tagle
Senior United States District Judge