United States District Court
Southern District of Texas
**ENTERED**
January 11, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID TYRONE THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-00136 |
| | § | |
| CITY OF KINGSVILLE, TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION IN PART AND DISMISSING CASE**

Pending before the Court are the following: (1) Motion for Summary Judgment filed by Defendants Robert Wright, Carlos Del Moral, and Emmanuel Gonzalez (D.E. 78); (2) Motion for Summary Judgment filed by Defendant Kevin Martinez (D.E. 82); and (3) Motion for Summary Judgment filed by Defendant Michael Chavana (D.E. 83). On March 31, 2021, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (D.E. 101), recommending that the motions be granted on the merits, but denied on the defense of the statute of limitations, and that Plaintiff's action be dismissed.

**DISCUSSION**

Defendants Robert Wright, Carlos Del Moral, and Emmanuel Gonzalez filed conditional objections (D.E. 103) on April 14, 2021. They seek to preserve their limitations defense, which was previously rejected by the Court and was again rejected by the Magistrate Judge. Because the Court, as shown below, adopts the recommendation of the

Magistrate Judge and dismisses the claims on other grounds, the Court need not, and does not, reach the conditional objections pertaining to limitations.

Plaintiff filed objections (D.E. 106) on May 7, 2021, and Defendants responded (D.E. 108). Throughout Plaintiff's objections, he complains that he needs an additional opportunity to present evidence either at a hearing (oral argument) or trial. He does not argue that he was prevented from filing responses with the evidence he wants to raise or the briefing he wants to advance. Indeed, the gist of his arguments is that the Magistrate Judge did not accept his evidence over that of the Defendants.

As illustrated more fully below, Plaintiff's arguments fail to apply the proper standards of review and rubric applicable to his claims. His request for an additional opportunity to present evidence or arguments has no legal basis and the objection is OVERRULED.

**A. Claims Against Martinez: Arrest Without Probable Cause**

In his summary judgment motion, Martinez claims that (1) he did have probable cause for the arrest; (2) if not, he is still entitled to qualified immunity; and (3) the claim is barred by limitations. D.E. 82. The Magistrate Judge recommends a determination in favor of Martinez on the first two arguments, but not the third. As noted above, the Court does not reach the third.

Plaintiff's complaint regarding the probable cause and qualified immunity recommendations are that Martinez falsely identified the door through which he entered the house and that he did not field test the substance he discovered to confirm that it was

an illegal substance. D.E. 106, pp. 4-5. First, the door used is not a fact material to the decision and thus cannot prevent summary judgment. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Second, in separate court proceedings, Plaintiff admitted that he was in possession of drug paraphernalia in reference to this incident. *See* M&R, D.E. 101, p. 12. Third, as the Magistrate Judge noted, probable cause for arrest may exist without the alleged perpetrator being actually guilty of a crime. *Id.*, p. 13 (citing cases). Last, Plaintiff did not otherwise challenge the Magistrate Judge's recommendation to grant summary judgment on the basis of qualified immunity.

The Court **OVERRULES** the objections to the recommendations on Martinez's motion for summary judgment.

**B. Claims Against Chavana: Seizure Without Probable Cause**

In his summary judgment motion, Chavana argues that he did not seize Plaintiff in the course of transporting him to a psychiatric medical facility and that, if he did, he had probable cause to do so under the circumstances. D.E. 83. Consequently, he claims qualified immunity. He also raises the limitations defense. The Magistrate Judge assumes that Chavana's restraint of Plaintiff constituted a seizure, but that he had probable cause for that seizure, recommending that the defense of qualified immunity be granted and the claim dismissed. Again the Magistrate Judge recommends denying the alternative limitations defense.

Plaintiff objects, claiming that Chavana's recitation of the reason that he was called to get Plaintiff psychiatric help was the concern of his family, not reports from strangers. D.E. 106, pp. 5-6. He complains that the restraint was a seizure and that it was without probable cause. *Id*, pp. 6-7. Assuming—as the Magistrate Judge did—that Chavana did seize Plaintiff, the Court agrees that the uncontroverted evidence shows that the seizure was done with probable cause.

First, Plaintiff does nothing to show that the concerns of strangers on which Chavana acted, confirmed by healthcare providers, were false or that he knew them to be false. Thus they are sufficient to support probable cause. Second, whether the concern originated with family or strangers, the result was the same: both thought Plaintiff needed medical help. And Chavana sought that on his behalf. A disputed fact issue must be material to the decision to preclude summary judgment. *Anderson*, 477 U.S. at 248. This is not a material fact dispute.

The Court **OVERRULES** the objections to the recommendations on Chavana's motion for summary judgment.

**C. Claims Against Wright, Del Moral, and Gonzalez: Excessive Force**

In their summary judgment motion, Wright, Del Moral, and Gonzalez argue that they did not engage in excessive force because any force used to restrain and transport Plaintiff was reasonable and necessary because of his resistance. They also argue that Plaintiff did not suffer any injury from the encounter or that the injury was *de minimis* so as to preclude the excessive force claim. Last, they seek a limitations bar to the claims.

D.E. 78. The magistrate judge rejected the limitations claim and found that the evidence showed that the undisputed facts justified the use of reasonable force and that the force used was not excessive. She found that Plaintiff did not sustain his summary judgment burden to show any injury from the alleged use of force.

Plaintiff objects, claiming that the healthcare providers told him he could leave the facility and that no one advised him otherwise. So he wanted to leave and felt unlawfully detained. D.E. 106, pp. 8-10. In the course of his argument, he admits that he was non-compliant and resisted the officers' efforts to restrain and transport him. At the same time, he suggests that he was compliant and submissive. A party cannot create a fact question by offering his own inconsistent testimony. *Doe ex rel. Doe v. Dallas Indep. Sch. Dist.*, 220 F.3d 380, 386 (5th Cir. 2000). Regardless, the evidence is clear that he wanted to leave the facility without the officers and was prevented from doing so. He then argues that he was subjected to excessive force of being slammed against a door or wall and injured.

As the Magistrate Judge found, Plaintiffs' claims of force were refuted by eyewitness testimony and the claims of injury were refuted by healthcare records showing that Plaintiff was seen the day after the event and exhibited no injuries. *See* M&R, D.E. 101, pp. 30-31. The only healthcare record that could be related to a claimed injury—the chipped tooth—was three years removed from the event and indicated that the need for tooth repair was merely "restorable decay." D.E. 93-1. Plaintiff thus failed to sustain his burden of proof to show excessive force.

The Court **OVERRULES** the objections to the recommendations on Wright, Del Moral, and Gonzalez's motion for summary judgment.

**CONCLUSION**

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections. The Court does not reach Wright, Del Moral, and Gonzalez's conditional objections regarding the statute of limitations bar. With the exception of the disposition of the limitations defense, which the Court need not reach, the Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Accordingly, the Court **ORDERS** that:

- the Motion for Summary Judgment filed by Defendants Robert Wright, Carlos Del Moral, and Emmanuel Gonzalez (D.E. 78) is **GRANTED** on the merits for failure to demonstrate evidence of excessive force;
- the Motion for Summary Judgment filed by Defendant Kevin Martinez (D.E. 82) is **GRANTED** on the issue of probable cause and the defense of qualified immunity; and

- the Motion for Summary Judgment filed by Defendant Michael Chavana (D.E. 83) is **GRANTED** on the issue of probable cause and the defense of qualified immunity.

This action is **DISMISSED WITH PREJUDICE** in its entirety.

ORDERED on January 11, 2022.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE